United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ANDERSON, PAUL MILLER, WILLIAM HAWKRIDGE, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., and DOES 1-50,<br><br>Defendants. | No. C 06-1120 SBA<br><br>**ORDER** |

This matter comes before the Court on Plaintiffs' Motion to Remand [Docket No. 9]. The Court has considered the briefs and supporting documents of the parties and determined that removal was improper. Accordingly, the Court REMANDS the above-captioned action to the Superior Court of the State of California, County of San Francisco.

**BACKGROUND**

On February 17, 2005, Plaintiffs Scott Anderson, Paul Miller and William Hawkridge (collectively, "Plaintiffs") filed this action in the Superior Court of California for the County of San Francisco, against Bank of America, N.A. ("Defendant" or "Bank of America") and Does 1 through 50. Plaintiffs filed this action on behalf of themselves and a proposed class of California residents whose Social Security and other government benefits are directly deposited into their Bank of

America accounts. On June 15, 2005, Plaintiffs filed a First Amended Complaint for Damages and Equitable Relief for Fraud; Negligent Misrepresentation; Violation of Public Policy; Violation of Code of Civil Procedure §§ 1750, *et seq.*; Violation of Business and Professions Code §§ 17200, *et seq.*; Violation of Business and Professions Code §§ 17500, *et seq.* (the "Amended Complaint"). In the Amended Complaint, Plaintiffs allege that Bank of America has a practice of seizing Social Security and other government benefits from the direct deposit accounts, even though these benefits are exempt under California law from collection of insufficient funds fees and other debts. *Id*. at ¶¶ 24, 26. Plaintiffs also allege that Bank of America made misrepresentations regarding the safety and security of its direct deposit accounts and the availability of directly deposited public benefits, and that Bank of America concealed the protected status of those benefits. *Id*. at ¶¶ 23, 61, 74-76. All of Plaintiffs' causes of action arise under California law.

A similar action, involving one of the named Plaintiffs and Bank of America as Defendant, was litigated in the Superior Court of California for the County of San Francisco. *See Miller v. Bank of America*, No. 301917. After a trial on the merits, the *Miller* court entered judgement for plaintiffs and the class, awarding them approximately $285 million in damages and restitution for the period of August 13, 1994 through December 31, 2003. *See* Amended Complaint at ¶ 14. Defendant is currently appealing the *Miller* judgment. Pending the appeal, Defendant moved to stay the instant action. The state court granted a stay on October 25, 2005. *See* October 10, 2005 Order by Judge James L. Warren Granting Defendant Bank of America, N.A.'s Motion to Stay Proceedings. In the instant action, Plaintiffs allege that Bank of America's practices found unlawful in *Miller* are ongoing. Therefore, Plaintiffs are suing to obtain equitable relief and damages resulting from these practices for the period from January 1, 2004 through present. *See* Amended Complaint at ¶¶ 12-18.

On February 16, 2006, Bank of America filed a Notice of Removal pursuant to 28 U.S.C. section 1441(a). Defendant removed the case to this Court on the ground that Supreme Court's opinion in *Wachovia Bank, N.A. v. Schmidt*, 126 S.Ct. 941 (2006), decided on January 17, 2006,

2

1 created diversity jurisdiction in this action. *Wachovia Bank* held that a national bank is a citizen of
2 the state in which its main office, as set forth in its articles of association, is located. *Id*. at 945.
3 Bank of America is a national bank; thus, *Wachovia Bank* made Bank of America a citizen of North
4 Carolina, where its main office is located.  Defendant claims that *Wachovia Bank* was an an "order
5 or other paper" under 28 U.S.C. section 1441(b), from which Defendant first ascertained that
6 diversity jurisdiction existed in this matter, and therefore, this matter was removable.

## **LEGAL STANDARD**

The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court . . . may be removed by the defendant or the defendants" to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).  The removal statute is to be strictly construed against removal and any doubt is resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  The burden of establishing jurisdiction rests with the party effecting removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The court must determine whether removal was proper by "look[ing] to the complaint at the time the removal petition was filed." *Chesler/Perlmutter Prods., Inc. v. Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050, 1058 (C.D. Cal. 2001) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)).

In order to remove on the basis of diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.  For purposes of diversity jurisdiction, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *Wachovia Bank*, 126 S. Ct. at 945.  A natural person is a citizen of the state if he or she is a citizen of the United States and is domiciled in that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A person's domicile is his or her permanent home where he or she resides with an intention to remain, or to which he or she intends to return.  A person residing in a particular state is not necessarily domiciled there, and therefore, is not necessarily a citizen of that state. *Id.*

3

The jurisdictional amount is normally met if the plaintiff claims a sum greater than the jurisdictional minimum. *Gaus*, 980 F.2d at 566. If, however, the allegations of a complaint filed in state court do not conclusively demonstrate that the amount in controversy exceeds the jurisdictional minimum, the removing party must demonstrate by a preponderance of the evidence that the jurisdictional amount has been met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). In class actions, members of the class can sometimes aggregate their claims in order to meet the amount-in-controversy requirement. To determine whether aggregation is allowed, the court must look at the nature of plaintiffs' claims, that is, whether their claims are "separate and distinct" or "common and undivided." If the former, the claims cannot be aggregated. The ban on aggregation applies to equitable relief as well as damages. *Kanter*, 265 F.3d at 859.

Where federal jurisdiction exists, a defendant may remove an action only if it complies with the following strict deadlines in the removal statute:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after
> commencement of the action.

28 U.S.C. §1446(b).

## **ANALYSIS**

Defendant claims that its removal is timely because it was filed within thirty days of the United States Supreme Court decision in *Wachovia Bank*. *See* 126 S. Ct. 941. However, *Wachovia Bank* is an unrelated decision, involving different parties. Such a decision does not constitute an "order or other paper" that triggers the thirty-day removal period under section 1446(b). *See Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 732 (S.D. West Va. 2005) (decision in an unrelated case is not an "order or other paper" providing basis for removal under section 1446(b)); *Morsani v. Major*

4

*League Baseball*, 79 F. Supp. 2d 1331, 1333 (M.D. Fla. 1999) (same); *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1468 (C.D. Cal. 1989) ("other paper" under section 1446(b) does not include intervening statutory or case law changes); *Johnson v. Trans World Airlines, Inc.,* 660 F. Supp. 914, 917 (C.D. Cal. 1987) (right to remove does not emanate from subsequent development of case law); *Coman v. Int'l Playtex, Inc.*, 713 F. Supp. 1324, 1327 (N.D. Cal. 1989) (new federal law removing ability to plead Doe defendants is not "other paper" triggering removal window); *Chen v. China Airlines Ltd.*, 713 F. Supp. 1322, 1323 (N.D. Cal. 1989) ("other paper" under section 1446(b) refers to a paper in the case); *Holiday v. Travelers Ins. Co.*, 666 F. Supp. 1286, 1289-90 (W.D. Ark. 1987) ("other paper" must be part of underlying suit; recent unrelated Supreme Court decisions not basis for removal). Because the decision in *Wachovia Bank* is not an "order or other paper" under section 1446(b), Defendant's Notice of Removal is untimely. Thus, removal to this Court was not proper.

Even if the Notice of Removal was timely, the Court would have to remand this matter to state court, because there is no diversity jurisdiction here. Plaintiffs' Amended Complaint, Defendant's Notice of Removal, and the parties' briefing on the Motion to Remand state that Plaintiffs are residents of California. However, the diversity jurisdiction statute requires diversity of citizenship, not residency. *See* 28 U.S.C. § 1332. Neither party mentions Plaintiffs' citizenship. Because Defendant has a burden of proof on this issue, Defendant's failure to specify Plaintiffs' citizenship is fatal to its assertion of diversity jurisdiction. *See Kanter*, 265 F.3d at 857-58.

Finally, there is no diversity jurisdiction here, because Defendant failed to carry its burden of establishing the required amount in controversy. Plaintiffs' claims are analogous to the ones in *Kanter* which the Ninth Circuit found to be "separate and distinct."[1] *See* 265 F.3d at 860. Thus, they cannot be aggregated to meet the amount-in-controversy requirement. *See id.* at 859-60. Additionally, Defendant argues that this action is so similar to the *Miller* action, where the court

---

[1] In *Kanter*, the Ninth Circuit found that the right of future consumers to be protected from allegedly deceptive advertisement was "separate and distinct." 265 F.3d at 860. Here, as well, Plaintiffs sued Bank of America for, *inter alia*, untrue and misleading advertising regarding Bank of America's direct deposit accounts. Amended Complaint at ¶¶ 72-80.

5

awarded plaintiffs and the class $285 million in damages and restitution, that the amount-in-controversy is sufficiently established by analogy. However, the class in *Miller* covered a span of nine years, whereas the Plaintiffs' proposed class in the instant case is much shorter (January 1, 2004 until present). *See* Amended Complaint at ¶¶ 12-18. Additionally, if Plaintiffs receive any damages in this case, they would have to be divided among over a million class members, since Plaintiffs' claims cannot be aggregated. *See* Amended Complaint at ¶ 21. Consequently, Defendant failed to establish the required amount-in-controversy by preponderance of evidence.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT the above-captioned matter is REMANDED to the Superior Court of the State of California, County of San Francisco. All matters calendared in this action are VACATED. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 4/5/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge